WISEMAN v. BALL.

4-3829

Opinion delivered February 11, 1935.

*Carl E. Bailey,* Attorney General, and *Thomas Fitzhugh,* Assistant, for appellant.

*Shields M. Goodwin,* for appellees.

HUMPHREYS, J. This suit was filed on October 1, 1931, in the probate court of Independence County by appellees, the only beneficiaries under the will of Theodore Maxfield, deceased, against David A. Gates, commissioner of revenues of the State of Arkansas, who has been succeeded by Earl R. Wiseman, to recover inheritance taxes in the sum of $1,835.38 alleged to have been collected in excess of the amount actually due on account of the mistake in valuing 1,182 shares of stock in Maxfield & Company, a California corporation, owned by Theodore Maxfield at the time of his death. It was alleged in the complaint that the true value of the stock on that date was $80 a share; whereas the tax was collected on the erroneous valuation of $112 a share. Appellees based their right to recover a refund on the inheritance paid on §. 12 of act 106 of the Acts of 1929, which is, in part, as follows:

"Claims for refund of inheritance tax heretofore or hereafter wrongfully and illegally collected may be made within five years from and after the date of payment of said taxes, and shall be filed in the probate court having original jurisdiction."

Appellants filed an answer denying appellees' right to a refund under said statute and pleaded *res judicata*

of the issues involved in the court order or judgment in the Independence Probate Court on November 2, 1926, in the matter of the State inheritance tax upon the estate of Theodore Maxfield, deceased.

The cause was heard in the probate court on November 7, 1932, upon the pleadings and certain evidence taken *ore tenus* before the court, resulting in a judgment against the commissioner of revenues of the State of Arkansas for $1,835.38, from which an appeal was duly prosecuted to the circuit court of Independence County.

The cause was heard *de novo* in said circuit court on the 12th day of January, 1935, upon the pleadings, the judgment of the probate court of said county of date November 2, 1926, the appraisement of said stock by appraisers appointed by the Superior Court of California and the judgment rendered in the Superior Court of California of date April 29, 1931, finding and adjudging the value of said stock on the 4th day of April, 1926, the date of the death of Theodore Maxfield, and the deposition of A. A. Maxfield, president of Maxfield & Company, a California corporation, upon which the trial court adjudged that the valuation placed upon said stock in the order of the probate court entered of record November 2, 1926, was arrived at through the mutual mistake of the Revenue Commissioner of the State of Arkansas and the executrix of the last will of Theodore Maxfield, from which is this appeal.

The Maxfield & Company corporation was a large mercantile concern engaged in an extensive business in California. A. A. Maxfield, president of the concern, testified, in substance, that it lost considerable money prior to the death of Theodore Maxfield, and that at that time the officers thereof had in mind its liquidation; that dividends were not paid on the stock in the year 1926 and several years prior thereto; that the value of the stock was not quoted in the stock markets, and that none of the stock had been sold or transferred, and that in his opinion the stock was not worth over $80 a share on November 5, 1926; that for the purposes of paying an inheritance tax in California, the stock was appraised at $80 a share by the appraisers, which appraisement was

received and adopted by the superior court of California in the year 1931; that the appraised value of the stock was as of the date Theodore Maxfield died in 1926.

The appraisement and order or judgment of the superior court of California are incorporated in this record, but just how the result was arrived at does not appear from either the appraisement or the judgment.

The order or judgment of the probate court of Independence County of date November 2, 1926, fixing the value of said stock at $112 a share, does not reflect what information either the executrix or the Revenue Commissioner had concerning its value. There is nothing in the order or judgment indicating any dispute or contest over the value thereof, and payment was made on the valuation voluntarily and without protest.

This suit was not filed until four years and 363 days after said stock was valued by the probate court of Independence County, presumably by the consent of the executrix, and voluntary payment of the inheritance tax paid by her based upon such valuation. The value of the stock was the issue in that proceeding, and the valuation of said stock on the date of the death of Theodore Maxfield is the issue in this case. Both the executrix and Commissioner who participated in the valuation thereof are dead, so the record herein is silent as to the knowledge either had concerning the value thereof at the time the value was placed upon it. The opportunity was open to both at that time to ascertain the true value thereof, and the presumption must be indulged that they did so and that the issue of valuation raised at this time is *res judicata*. The statute upon which appellees seek their refund provides for a recovery within five years if "wrongfully and illegally" collected and not from a voluntary payment arising from a mistake of fact as to the value of the property. There is a marked distinction between "wrongfully and illegally" and "mistake." It is said in 2 Words & Phrases, second series, p. 935, that: "Where the law prescribes proceedings to be had by an officer or tribunal in cases pending before them, the omission of such proceedings is to act 'illegally,' or if the tribunal when determining matters before it which

338

are within its jurisdiction proceeds in a manner contrary to law, it acts 'illegally,' but, if a discretion is conferred on the tribunal, its exercise cannot be illegal, nor, if it be clothed with authority to decide on facts submitted to it, can its decision be illegal, whatever it may be, if the subject-matter and the parties are within its jurisdiction. *Iowa Loan & Trust Co.* v. *District Court in and for Polk County,* 127 N. W. 1114, 1116, 149 Iowa 66.''

But, even if the statute were broad enough to include a refund for mistake, which it is not, appellees are not entitled to recover under the rule of law for a refund on account of mistake only. The doctrine of recovery for mistake as stated in 21 R. C. L., p. 169, is as follows:

''In the settlement of disputed cases where both parties have equal opportunity and facilities for ascertaining the facts, it becomes incumbent on each then to make his investigation and not carelessly settle, trusting to future investigation to show a mistake of fact and enable him to recover back the amount paid. Therefore, where the existence or non-existence of a particular fact is brought to their attention and the means of knowledge as to the fact in controversy is equally available to each, then a payment made is binding and cannot be recovered, where the party either fails to investigate the fact, or does investigate and draws an erroneous conclusion.''

On account of the error indicated, the judgment is reversed, and the complaint is dismissed.